UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WAYNE A. MURPHY,

      Plaintiff,

 v.

PIERCE COUNTY JAIL, PIERCE COUNTY JAIL MEDICAL CARE CENTER, CARLOS ORTIZ-VENEGAS, WILMER MELENDEZ, MARY SCOTT, JULIETTE POHL-Y-BACA, CRAIG ADAMS, VINCE GOLDSMITH, and SAL MUNGIA,

      Defendants.

No. C11-5448 BHS/KLS

SECOND ORDER TO AMEND OR SHOW CAUSE

On July 19, 2011, Plaintiff was ordered to show cause why his complaint should not be dismissed for failure to show cause or to file an amended complaint. ECF No. 9. On July 28, 2011, Plaintiff filed a motion for a thirty day extension of time to comply with the Court's Order. ECF No. 10. On August 5, 2011, Plaintiff filed an Amended Complaint. ECF No. 11.

Plaintiff's motion for an extension is GRANTED. However, his Amended Complaint suffers from the same deficiencies as his original and the Court declines to serve the amended complaint. However, Plaintiff will be given one more opportunity to amend his complaint.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

ORDER TO AMEND OR SHOW CAUSE- 1

fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Neither can the court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "the complaint [must provide] 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Kimes v. Stone* 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted). In addition, in

ORDER TO AMEND OR SHOW CAUSE- 2

order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

In his Amended Complaint Plaintiff claims that on July 3, 2008, he was assaulted by another inmate at the Pierce County Jail. He was taken to the emergency room at St. Joseph Hospital, where he was surgically treated for a broken jaw, including internal fixation of plates and screws. After he returned to the jail on July 7, 2008, the jail medical staff ignored the hospital treatment records and orders for medications and instead, started taking him off of his medications. Plaintiff claims that he was then placed on suicide watch on September 26, 2008 where he was given his medications for one more day before being taken off of them. ECF No. 11, p. 3.

In his Amended Complaint, Plaintiff sues Carlos Ortiz-Venegas and "Pierce County Jail, Et-Al". ECF No. 11. Plaintiff was previously advised that in order to sue the Pierce County Jail, he must allege facts describing how a policy or practice of the Pierce County Jail resulted in a deprivation of his constitutional rights. To establish liability against Pierce County under § 1983, a plaintiff must show that (1) he was deprived of a constitutional right; (2) the county has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992). The unconstitutional acts of a government agent cannot, standing alone, lead to liability against a county; further, there is no respondeat superior liability under §

ORDER TO AMEND OR SHOW CAUSE- 3

1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 692 (1978). A county may only be liable where its policies are the "'moving force [behind] the constitutional violation.'" *City of Canton v. Harris*, 489 U.S. 378, 389, (1989) (*quoting Monell* at 694); *Ortez v. Washington County*, 88 F.3d 804 (9th Cir.1996).

In order to recover under § 1983, a plaintiff must allege and prove that defendants acted under color of state law to deprive the plaintiff of a right secured by the Constitution or federal statute. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir.1988). In this case, Plaintiff names Craig Adams, a Pierce County prosecutor, as a defendant. Plaintiff is advised, however, that a state prosecuting attorney who acts within the scope of his or her duties in initiating and pursuing a criminal prosecution and presenting the State's case is absolutely immune from a suit brought for damages under 42 U.S.C. § 1983, *Imbler v. Pachtman*, 424 U.S. 409, 424, 427 (1976); *Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986) (en banc), "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process,'" *Burns v. Reed*, 500 U.S. 478, 486 (1991)(quoting *Imbler*, 424 U.S. at 431). This is so even though the prosecutor has violated a plaintiff's constitutional rights, *Broam v. Bogan*, 320 F.3d 1023, 1028-29 (9th Cir. 2003), or the prosecutor acts with malicious intent, *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir.), cert. denied, 546 U.S. 1031, 126 S.Ct. 736, 546 U.S. 1031, 126 S.Ct. 737, 546 U.S. 1032, 126 S.Ct. 749 (2005); *Ashelman*, 793 F.2d at 1078.

Plaintiff also names Sal Mungia, a private attorney. "It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the state. Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West v. Atkins*, 487 U.S. 42, 49-50, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (citations omitted). "Under color of

ORDER TO AMEND OR SHOW CAUSE- 4

state law" means under pretense of state law. *Screws v. United States*, 325 U.S. 91, 111, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945). There is no such pretense if the wrongful acts are wholly unrelated to the employee's duty. *Murphy v. Chicago Transit Auth.*, 638 F.Supp. 464, 467 (N.D.Ill.1986) (citing *Johnson v. Hackett*, 284 F.Supp. 933, 937 (E.D.Pa.1968)). "[A]ctions taken under color of state law must be related to the state authority conferred on the actor, even though the actions are not actually permitted by the authority." *Dang Vang*, 944 F.2d at 480 (citations omitted). Therefore, Plaintiff cannot pursue a Section 1983 claim in this court against a private attorney who is not a state employee and was not acting under color of state law.

Plaintiff also names "Carlos Ortiz-Venegas Et-Al" as a defendant, but nowhere in his complaint does he explain what Mr. Ortiz-Venegas or any other named defendant did or did not do to violate Plaintiff's constitutional rights. Instead, Plaintiff refers only to the "medical staff at the jail." In order to proceed in a civil rights suit, Plaintiff must name the individuals and describe what each of the individuals did to violate his constitutional rights.

Under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Neither a State nor its officials acting in their official capacities are "persons" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Plaintiff must set forth factual allegations and allege with specificity the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights. A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

ORDER TO AMEND OR SHOW CAUSE- 5

Due to the deficiencies described above, the Court will not serve the amended complaint. Plaintiff may file a second amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **October 21, 2011.** If Plaintiff chooses to amend his complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. The complaint must allege in specific terms how each named defendant is involved. If Plaintiff chooses to proceed against Pierce County, he must allege facts showing that he was deprived of a constitutional right, that the county has a policy amounting to deliberate indifference to his constitutional rights and that the policy is the moving force behind the constitutional violation or violations that he is claiming.

The amended complaint must set forth all of Plaintiff's factual claims, causes of action, and claims for relief. Plaintiff shall set forth his factual allegations **in separately numbered paragraphs** and shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2) the dates on which the conduct of each Defendant allegedly took place; and

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

An amended complaint operates as a complete substitute for (rather than a mere supplement to) the present complaint. In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed. Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior

ORDER TO AMEND OR SHOW CAUSE- 6

complaint). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall present his complaint on the form provided by the court. The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case. Plaintiff should complete all sections of the court's form. Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint. **Plaintiff is advised that he should make a short and plain statement of claims against the defendants. He may do so by listing his complaints in separately numbered paragraphs. He should include facts explaining how each defendant was involved in the denial of his rights.**

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to the violation of Plaintiff's rights.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **October 21, 2011**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil

ORDER TO AMEND OR SHOW CAUSE- 7

action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.**

Plaintiff's motion for extension (ECF No. 10) is **GRANTED.**

**DATED** this  26th  day of September, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 8