UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WAYNE A. MURPHY,

                Plaintiff,

v.

PIERCE COUNTY JAIL, et al.,

                Defendants.

CASE NO. C11-5448BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 16) and Plaintiff Wayne A. Murphy's ("Murphy") objections to the R&R (Dkt. 18), which also contained a motion to appoint counsel. The Court has considered the R&R, Murphy's objections and motion, and the remaining record, and hereby adopts the R&R and denies the motion to appoint counsel for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On June 9, 2011, Murphy filed his civil rights complaint alleging violations by Defendants of 42 U.S.C. § 1983. Dkt. 7. On October 19, 2011, Judge Strombom issued the R&R recommending that Murphy's complaint be dismissed without prejudice as

frivolous and that the dismissal count as a strike under 28 U.S.C. § 1915(g).  Dkt. 16 at 5.
On November 7, 2011, Murphy filed a response to the R&R.  Dkt. 18.  In his response,
Murphy does not object to the R&R, but seeks appointment of counsel, an order requiring
Defendants to produce documents, and an extension of time to review the documents.  *Id*.

## II. DISCUSSION

**A.	Motion to Appoint Counsel**

There is no right to have counsel appointed in cases brought under 42 U.S.C.
§ 1983.  Although a court, under 28 U.S.C. § 1915(e), can request counsel to represent a
party proceeding in forma pauperis, the court may do so only in exceptional
circumstances.  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).  A finding of
exceptional circumstances requires an evaluation of both the likelihood of success on the
merits and the ability of the plaintiff to articulate his claims pro se in light of the
complexity of the legal issues involved.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331
(9th Cir. 1986).

Here, Murphy fails to demonstrate exceptional circumstances that warrant
appointment of counsel, and has demonstrated an adequate ability to articulate his claims
pro se.  In addition, Murphy has not demonstrated a likelihood of success on the merits.
Accordingly, his motion to appoint counsel is denied.

**B.	Response to the R&R**

After allowing Murphy multiple amendments to his complaint, Judge Strombom
found that Murphy had failed to allege a policy or practice by Defendants that would
entitle him to bring claims against them under § 1983.  Dkt. 16.  In his response to the

R&R, Murphy has failed to allege what documents he is seeking, why he is entitled to further documents, or how the documentation he requests would remedy his complaint. Dkt. 18. Further, he has failed to make any specific objections to Judge Strombom's findings. *Id*. In seeking an order for production of documents and an extension of time to review such documents, Murphy has failed to make an effective objection to the R&R. Accordingly, the Court will adopt the R&R.

### III. ORDER

The Court having considered the R&R, Murphy's response, and the remaining record, does hereby find and order as follows:

(1) Murphy's motion to appoint counsel is **DENIED**;

(2) The R&R is **ADOPTED**; and

(3) This action is **DISMISSED without prejudice** and the dismissal will count as a **strike** under 28 U.S.C. § 1915(g).

Dated this 28th day of December, 2011.

BENJAMIN H. SETTLE
United States District Judge